PINDELL, Ass'E. such entrance to effect the arrest; and even though
vs.
VIMONT's      the defendants may have resisted or obstructed the
Ex'or., &c.   search of their houses, after their consent had been
given to it, and which they might withdraw at any
time, it would not make them guilty of unlawfully
obstructing the execution of the process held by the
sheriff, unless the offender, Smith, was in the house
at the time the search therein was obstructed, for ex-
cept in such case the sheriff might not lawfully enter
and search their houses, without their consent, nor
continue that search, if permitted, any longer than
until such consent should be withdrawn; and unless
the criminal was in the house, the dweller therein
would have the right to require the sheriff to discon-
tinue his search, and to leave the premises. And in-
asmuch as a portion of the evidence has direct refer-
ence to the obstructions offered by the defendants to
the sheriff and his posse, in their own dwelling houses,
when the offender, Smith, was not therein, but else-
where, according to the proof; and inasmuch as the
said second instruction may have misled the jury, the
judgment is reversed, and cause remanded for a new
trial in conformity with the principles of this opinion.

TURNER for plaintiffs; HARLAN, *Attorney General*, for
Commonwealth.

---

## Pindell, assignee *vs.* Vimont's Ex'or, &c.

Case 7.                    APPEAL FROM FAYETTE CIRCUIT.

1. Upon a decree in bankruptcy being rendered, all the rights, inter
ests, and choses in action of the bankrupt passes to the assignee.

2. Where, by the terms of a mortgage the mortgagee has a right to
retain the possession of the mortgaged property, the assignee in
bankruptcy cannot take it, until the mortgaged debts are extin-
guished.

3. An assignee in bankruptcy, who comes into the state courts by
answer and cross-bill, and submits his rights as assignee to be
heard and adjudicated, is estopped to question the jurisdiction in
the court of appeals.

4. The circuit court, on dismissing a bill for want of the proper parties, should dismiss without prejudice to another suit.

Chief Justice Hise delivered the opinion of the court.

PINDELL, ASS'E.
vs.
VIMONT'S
EX'OR., &c.

June 12.
Case stated.

John S. Vimont, being the owner at one time of eleven shares of stock in the Lexington and Richmond turnpike road company, and of a claim for the value of a quantity of broken stone prepared for the said turnpike road, he, on the 7th March, 1840, made and acknowledged a deed of mortgage to Lewis Vimont and six others, who were his sureties for large sums due to the Northern Bank, conveying to them, for their indemnity, a large amount of real and personal estate, including the said eleven shares of road stock and dividends due thereon, and his demands against the road company. This mortgage was recorded in Bourbon county only, on the day of its date. Said J. S. Vimont, in 1843, filed his petition in the appropriate federal court, together with his list of assets, as a bankrupt, and in February of that year R. Pindell was appointed as the assignee in bankruptcy of said Vimont, who was then declared a bankrupt. The list of assets contains, as items, the claim against the road company for the broken stone, estimated at $1,308, and also the eleven shares of road stock, estimated to be worth $165, (pages 30 and 31,) and it is stated in the inventory that both the stock and claim for the broken stone were, with other property, incumbered by the said mortgage. J. S. Vimont had, in 1839, been paid by the road company $300 in part for the broken stone, by a credit to that extent upon his stock account, (page 18.)

After J. S. Vimont had been, by an order of the U. S. district court, declared a bankrupt, and after R. Pindell had been appointed as the assignee of the bankrupt's estate, the mortgaged property, including the said eleven shares of road stock, was sold at public sale in Lexington, after public notice, with the consent of the mortgagor and all the mortgagees, and Lewis Vimont, one of the mortgagees, became the purchaser of the eleven shares of road stock, and thereupon the

PINDELL, ASS'E.
*vs.*
VIMONT'S
EX'OR., &c.

road company issued to him, and in his name, a certificate for the said shares of stock, dated 25th March, 1845, (page 10.) It appears that Pindell, as assignee in bankruptcy, as aforesaid, and Lewis Vimont, as purchaser of the stock and as one of the mortgagees, as aforesaid, both claimed from the road company the dividends on the road stock, and the amount due for the broken stone, whereupon the road company, by their president, brought a suit in equity in September, 1849, in the Fayette circuit court, to have the claims and rights of the parties determined, and requiring Pindell and Lewis Vimont, the only defendants made by the bill, to interplead in order to the adjustment of the controversy between them. Pendell answers and claims the dividends and the sum due for the broken stone, as assignee in bankruptcy of the estate of the bankrupt, John S. Vimont, and makes his answer a cross-bill against Jefferson Vimont, executor of Lewis Vimont, who had, in the meantime died. The executor answers, and pleads over against Pindell, and claims the stock dividends thereon, and the proceeds of the broken stone, as executor of Lewis Vimont, deceased, on the ground of the purchase of the stock by the testator, and as the personal representative of one of the mortgagees, insisting that the stock, accruing dividends, and the money due for the stone, are necessary, in addition to the other mortgaged property, to satisfy the mortgage, which he alleges is still unsatisfied. The circuit court decreed against Pindell, ratified the sale of the stock to Lewis Vimont, and directed the road company to pay the dividends to his executor, but gave day to Pindell to bring all the mortgagees before the court, and to make further preparation, in order that it might appear whether the debts named in the mortgage had or had not been paid in whole or in part, and postponed any determination as to the money due for the broken stone until Pindell should make such preparation, and bring the necessary parties before the court, and show that the mortgagees were already satisfied by the proceeds of the

sale of the other mortgaged property. Pindell failed to bring the mortgagees before the court, or to make any further preparation, and failed to show that the proceeds of the stone were relieved in whole or in part from the incumbrance of the said mortgage, and thereupon the court, by a final decree, ratified the sale of the mortgaged property which had been made by agreement of the mortgagees, directed the road company to pay over the amount due for the broken stone to Lewis Vimont's executor, in trust for the use of all the mortgagees, and dismissed Pindell's cross-bill with costs, to be paid out of the bankrupt's assets, if any. Pindell, as plaintiff in error, has brought the case to this court, and demands a reversal of the decree of the circuit court, because, as insisted, the same is wholly erroneous, and should have been rendered in his favor.

Held, by this court upon the facts thus extracted from the pleadings and proof, that after J. S. Vimont had been declared to be a bankrupt by the U. S. district court, and after, by order of that court, Pindell had received the appointment of assignee of the bankrupt's effects, he was entitled to all the property, real and personal, rights, interests, and choses in action which had belonged to the bankrupt, consequently Pindell was entitled to the equity of redemption of J. S. Vimont in and to all the property and choses in action described in the deed of mortgage, to Lewis Vimont and others—that is to say, after all the debts had been satisfied and paid, with the accruing interest and costs, by the means provided for that purpose in the mortgage, then Pindell, as assignee, would have a right to receive, demand, and recover the balance of means, if any were left, to be distributed proportionably with the other means of the bankrupt in his hands amongst the general creditors.

But by law, as well as by the express provisions of the mortgage itself, the mortgagees had a right to acquire and to retain the possession of the mortgaged property and effects, as against the bankrupt himself,

PINDELL, Ass'E.
vs.
VIMONT's
Ex'or., &c.

1. Upon a decree in bankruptcy being rendered, all the rights, interests and choses in action of the bankrupt passes to the assignee.

2. Where, by the terms of a mortgage the mortgagee has a right to retain the possession

PINDELL, ASS'E.
vs.
VIMONT'S
EX'OR., &c.

of the mortgag-
ed property, the
assignee in
bankruptcy
cannot take it,
until the mort-
gage debts are
extinguished.

and his assignee, until their liabilities, for debts then impending, should be fully extinguished ; then, as Pindell failed to bring all the necessary parties in interest before the court, to-wit, the mortgagor and all the mortgagees, and wholly failed to show by proof that the debts named in the mortgage had been paid by the bankrupt, or that, upon the application of the proceeds of the mortgaged estate and effects to their payment, that the debts had been extinguished, and that a balance of the property and effects in kind, or of their proceeds, still remained to be paid over to the general creditors, it was impossible that a decree could, upon the state of case presented by the record, have been rendered in favor of the bankrupt's assignee. The mortgage was executed by J. S. Vimont long before he filed his petition in bankruptcy, and the title of the mortgagees was older and better than that of the assignee, who only represents the general creditors of the bankrupt, and who can only claim for them such portion, if any, of the mortgaged estate and funds as might remain after payment of the debts named in the deed.

The council for the assignee, however, contends that the road stock, and the claim against the road company for the broken stone, should have been delivered up to him to be held for the benefit of the general creditors of the bankrupt, subject however, he admits, to the encumbrance of the mortgage, and to the superior right of the mortgagees to have their liabilities first extinguished, and that the court should have decreed accordingly, and have ordered the road stock to be transferred, and the value of the stone to be paid over to him, that the whole estate and funds might be administered, and the rights of all the parties in interest settled and adjusted in the district court of the United States, which, it is insisted, has exclusive jurisdiction for that purpose. But it is held by this court, that the assignee in this case is not vested with any higher or greater right to the mortgaged property and effects than the bankrupt held at

the time of the nomination and appointment of the assignee; that Vimont had no right to divest the mortgagees of the possession; neither has his assignee, until after the debts secured by the mortgage are paid; and if the circuit court had no jurisdiction of the matters involved, then Pindell cannot complain of being put out of that court without a decree in his favor at least, although, in such case, no decree should be rendered in favor of the mortgagees, or those holding under them, or either of them.

But the assignee is estopped from questioning the jurisdiction of the circuit court, because he comes into that court by his own answer, not questioning the jurisdiction, and by his cross-bill against Lewis Vimont's executor, claiming a decree in his favor for the road stock, the unpaid dividends due thereon, and the value of the broken stone; if therefore, such objection were tenable he has waived it, and submitted to the jurisdiction of the court in which he voluntarily entered and demanded a decree. The circuit courts of the state, in such cases, are not the mere auxiliary tribunal of the federal court, to entertain the claim of their assignees in bankruptcy to property, and to order it to be surrendered up to them unconditionally, right or wrong, to be administered and disposed of by the bankrupt courts. If the aid of the state courts is sought and demanded by an assignee in bankruptcy to recover property, he must submit to the terms prescribed, and recover or not recover as the principles of law and equity governing the case, and which bear upon the claim of the assignee, and of those contesting his right, holding paramount or superior claims to the property demanded. In this view of the law governing this case, the only error of the circuit court was committed by the decree dismissing Pindell's cross-bill by an absolute order, which would operate as an effectual bar to any subsequent suit that may be instituted by Pindell against all the proper parties hereafter, to recover an ascertained balance due to him as assignee of the bankrupt.

3. An assignee in bankruptcy, who comes into the state courts by answer and cross-bill, and submits his rights as assignee to be heard and adjudicated, is estopped to question the jurisdiction of the court.

4. The circuit court, on dismissing a bill for want of the proper parties, should dismiss without prejudice to another suit.

But inasmuch as the court gave day to Pindell to introduce the proper parties into the case, to prepare the suit fully, and to show what balance, if any was due to him as having title to the equity of redemption of the bankrupt mortgagor, and Pindell wholly failed to avail himself of the privilege, or to show to what amount he was entitled out of the mortgaged property, after payment of debts, the court, upon the cause being heard, should have dismissed his cross-bill without prejudice to his right to prosecute a suit afterwards for the same cause. For this error only, the decree is reversed, and cause remanded, with direction to dismiss Pindell's cross-bill without prejudice; in other respects the decree is approved, and will not be disturbed.

PINDELL for appellant; ROBERTSON for appellee.